IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

| | |
|---|---|
| DUANE KWIATKOWSKI<br>11317 Lake Avenue<br>Cleveland, Ohio  44102<br><br>Plaintiff,<br><br>vs.<br><br>BEST PET SUPPLIES, INC.<br>104-20 Dunkirk Street<br>Jamaica, New York  11412<br><br>Defendant | CIVIL ACTION NO:<br><br>JUDGE:<br><br>Magistrate Judge: |

## **NOTICE OF REMOVAL**

Defendant BEST PET SUPPLIES, INC. ("Best Pet") by and through counsel and pursuant to 28 U.S.C. §§1332, 1441(a), and 1446, gives notice of the removal of this cause of action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division, and states as follows:

1. On January 28, 2021, Plaintiff Duane Kwiatkowski commenced this action in Cuyahoga County, Ohio as Case Number CV 21 943438. (the "state court action")

2. Best Pet was served with a Summons and Complaint in the state court action on February 10, 2021. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Summons and Complaint served on Best Pet are attached as Exhibit A.

3. Best Pet filed a Stipulation for Leave to Plead giving it until April 2, 2021 to Answer, Plead or otherwise move in response to Plaintiff's Complaint.

4. On March 24, 2021, Plaintiff's counsel filed a Notice of Voluntary Dismissal under Ohio Civil Rule 41(a) and dismissed the Defendant, Miles North Randall, LLC. A true and accurate copy of the Court's order dismissing Miles North is attached as Exhibit B.

5. On April 2, 2021, Plaintiff's counsel filed a Notice of Voluntary Dismissal under Ohio Civil Rule 41(a) and dismissed the Defendant, Amazon.com Services, LLC, leaving Defendant Best Pet Supplies, Inc. and the sole remaining defendant in the case. A true and accurate copy of the Court's order dismissing Amazon is attached as Exhibit C.

6. On April 2, 2021, Defendant Best Pet Supplies, Inc. filed an Answer to Plaintiff's Complaint. (Attached as Exhibit D)

**A. The Case is Removable under Diversity Jurisdiction because the Parties are Completely Diverse and the Amount in Controversy Exceeds $75,000.**

7. Plaintiff asserts that, at all relevant times, he was a resident of Cuyahoga County, Ohio. *See* Exhibit A, ¶2. Plaintiff is therefore a citizen of the State of Ohio.

8.  Defendant Best Pet Supplies, Inc. is a New York corporation with its principal place of business at 104-20 Dunkirk Street, Jamaica, New York 114121.  It is therefore a citizen of New York.

9.  Thus, as between Plaintiff and the remaining Defendant, the controversy is wholly between citizens of different states.

10.  The amount in controversy exceeds $75,000, exclusive of interests and costs, due to the seriousness of the Plaintiff's alleged injuries and damages.  Where the Plaintiff has not pled a specific amount of damages, the amount in controversy requirement is satisfied when the Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the seriousness of the Plaintiff's claimed injuries and damages.  28 U.S.C. §1446(c)(2).  Here, Plaintiff did not specify the amount in controversy, other than to state that it exceeds $25,000.  However, it is apparent from the face of the Complaint that Plaintiff more likely than not seeks recovery of an amount in excess of $75,000, exclusive of costs and interest, as evidence by the following:

   a.    Plaintiff claims that he sustained "serious and permanent" injuries and was hospitalized for several days after allegedly contracting salmonella poisoning from pig ear dog treats.  *See* Exhibit A, ¶¶ 1, 24, 26, & 27.

   b.    Plaintiff alleges various injuries and damages as a result of the incident, including "pain and suffering, mental anguish, physical impairment, physical disfigurement, loss of enjoyment of life, medical and pharmaceutical expenses, travel and travel-related expenses, emotional distress, lost wages, lost earning capacity, loss of consortium,

attorneys' fees (to the extent recoverable) and other general, special, ordinary, incidental damages, and consequential damages as would be anticipated to arise under the circumstances." *Id.* at ¶72. He is also seeking punitive damages (*see id*. at ¶73) which count towards the amount in controversy. *See Crosby v. Am. Online, Inc*., 967 F. Supp. 257, 261 (N.D. Ohio 1997) ("in addition to compensatory damages, potential awards of attorney's fees and punitive damages can count toward the amount-in-controversy.").

    c.      Plaintiff seeks compensatory damages in excess of $25,000 for each of his six causes of action. *See generally* Exhibit A.

11. Based on the nature of the alleged injuries and Plaintiff's claims, it is facially evident from the allegations of the Complaint that Plaintiff seeks in excess of $75,000.00, exclusive of interests and costs, and that the requisite amount of controversy required under 28 U.S.C. §1332 is therefore satisfied. *See e.g., Driscoll v. Wal-mart Stores E., Inc*., 2009 WL 4730709, at *2 (S.D. Ohio Dec. 10, 2009) (finding amount in controversy satisfied by plaintiff's allegations of injuries resulting from employee allegedly negligently dropping gun safe on his finger, including "medical bills; lost wages; pain and suffering; annoyance, inconvenience, mental and emotional anguish; and diminished ability to fully function and enjoy life") *Monroy v. Cont'l Airlines, Inc.*, 2009 WL 1687929, at *2 (S.D. Ohio June 12, 2009) (finding amount in controversy satisfied by allegations of permanent physical injury, great pain and emotional suffering, and past and future medical expenses).

12.     The United States District Court, pursuant to the provisions of 28 U.S.C. §1332, has jurisdiction over this action because there is complete diversity, and, upon information and belief, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### B. This Filing is Timely

13.     Pursuant to 28 U.S.C. 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  This case became removable when Miles North was dismissed on March 24, 2021.  Best Pet has until April 23, 2021 to file removal papers and this Notice of Removal is timely.

### C.  Pleadings in State Court

14.     After filing this Notice, Best Pet will, pursuant to 28 U.S.C. §1446(d), promptly give written notice to Plaintiff and will file a copy of this Notice with the Court of Common Pleas, Cuyahoga County, Ohio.

### D.  Venue of Removed Action

15.     The United States District Court for the Northern District of Ohio, Eastern Division is the district and division embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. §1441(a).

### E.  Non-Waiver of Defenses

16.     Best Pet expressly reserves all of its defenses.  By removing the action to this Court, Best Pet does not waive any rights or defenses available under federal or state law.  Best Pet expressly reserves the right to move for dismissal of the Complaint pursuant to Rule

12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Best Pet or that they have any substantive merit.

WHEREFORE, Defendant BEST PET SUPPLIES, INC. provides notice that this action is removed to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1441 and 1446, and that the Common Pleas Court of Cuyahoga County, Ohio shall proceed no further unless this case is remanded.

Respectfully submitted,

/s/ Matthew M. Duffy

_____

**Matthew M. Duffy (Ohio #0071371)**
SENIOR TRIAL ATTORNEY
Salaried Employee of The Hanover Insurance Company

9229 Delegates Row, Suite 100
Indianapolis, Indiana 46240
**(mailing address only)**

(216) 328-2012, Direct Line
(317) 208-5802, Office
maduffy@hanover.com
(Ohio/Cleveland Office)

*Attorney for Defendants, BEST PET SUPPLIES, INC.*

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was sent this 23rd day of April, 2021 *via email only* to the following:

**MARK ABRAMOWITZ, ESQ.**
**Attorney for Plaintiff**
mabramowitz@dicellolevitt.com

**and**

**RON SIMON, ESQ.**
**Attorney for Plaintiff**
**ron@rsaalaw.com**

/s/Matthew M. Duffy
_____

**Matthew M. Duffy, Esq.**
(Ohio Attorney No. #0071371)